Peter N. Wang (#9216)
Yonaton Aronoff (#3492)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474
(212) 687-2329 fax

Frank W. DiCastri
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 271-2400
(414) 297-4900 fax

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM ARMA, TOM ARMA STUDIO, INC. & TOM ARMA COSTUMES, INC., ) ) ) | |
| Plaintiffs, ) ) | Case No. 07-CV-10967 (RWS) |
| v. ) ) | |
| BUYSEASONS, INC., BUYCOSTUMES & JALEM GETZ, ) ) ) | **AFFIDAVIT OF FRANK W. DICASTRI IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE** |
| Defendants. ) ) | |

STATE OF WISCONSIN        )
                                          ) ss.:
COUNTY OF MILWAUKEE   )

FRANK W. DICASTRI, being duly sworn, deposes and says:

1.        I am a partner in the law firm of Foley & Lardner LLP, counsel for defendants Buyseasons, Inc. and Jalem Getz. I make this affidavit in support of the motion of these defendants for an Order dismissing the Amended Complaint for lack of personal

jurisdiction over Jalem Getz, for improper venue, or in the alternative for a transfer of venue to the Eastern District of Wisconsin, or as a second alternative, dismissing Counts 1-4 and 8 of the Amended Complaint for failure to state a claim upon which relief can be granted.

2. Annexed hereto as Exhibit A is a copy of the Amended Complaint I received from counsel. (I could not access a PDF version of the Amended Complaint on the Court's ECF web site, so I converted to PDF the Microsoft Word version counsel sent to me by e-mail on January 11, 2008).

3. Annexed hereto as Exhibit B are copies of the Articles of Incorporation of Plaintiffs Tom Arma Costumes, Inc. and Tom Arma Studio, Inc., along with records showing the change of corporate name from "Tom Arma, Inc." to "Tom Arma Studio, Inc." I obtained these records from the web site for the Arizona Corporation Commission, www.cc.state.az.us.

FRANK W. DICASTRI

Sworn to before me this
22nd day of January, 2008.

Notary Public

My commission expires  1/30/11



MILW_2936894.1

Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
100 Park Avenue 33rd Floor
New York, NY 10017
(212) 697-8777

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TOM ARMA, TOM ARMA STUDIO, INC. &
TOM ARMA COSTUMES INC.


                              Plaintiffs,


        - against -


 BUYSEASONS INC., BUYCOSTUMES &
 JALEM GETZ


                            Defendants.

-----------------------------------------------------------------x

Index No:  07CV10967

**AMENDED
COMPLAINT**


JURY TRIAL
DEMANDED

## INTRODUCTION

1.  Plaintiff Tom Arma is one of the world's foremost photographers and costume designers.  His photographs have appeared in countless publications and have been employed in major advertising and promotional campaigns on behalf of multi-national corporations in the United States, South America and elsewhere for over three decades. Tom Arma Costumes, Inc and Tom Arma Studio, Inc. are the corporate entities under which Mr. Arma does business.

2.  Plaintiffs have commercially licensed their intellectual property including photographic images, costumes, graphics and related work, on thousands of occasions throughout the world over a period in excess of thirty five years.  Defendants were at one

time a licensee of plaintiffs pursuant to a written agreement, said agreement having expired and of no further effect.

3.  Defendants are actively trading on the name, trademarks and registered photographic images owned by plaintiffs, or one or more of them, notwithstanding that they possess no license, permission or authority to do so.  Such activity is ongoing and intended to commercially benefit defendants and work to the financial detriment of the plaintiffs.

4.  Plaintiffs seek money damages pursuant to *inter alia,* Title 17, The Lanham Act Sec. 43(a) and both temporary and permanent injunctions enjoining the defendants from trading on and otherwise employing plaintiffs' copyrights, trademarks and name.

## PARTIES

5.  Plaintiff TOM ARMA is an individual residing in Tubac, Arizona who does business in the form and style of the co-plaintiff corporations TOM ARMA STUDIO, INC. and TOM ARMA COSTUMES, INC..  Mr. Arma is a leading commercial photographer and costume designer.

6.  Plaintiff TOM ARMA STUDIO, INC. (hereinafter "Studio" or "plaintiff") is an Arizona Corporation with its principal place of business located at 7 Cerro Pelon Tubac, AZ 85646.  Plaintiff is principally engaged in the creation of original photographic images, the licensing of same and the rendering of photographic services.

7.  Plaintiff TOM ARMA COSTUMES, INC. (hereinafter "Costumes" or "plaintiff") is an Arizona Corporation with its principal place of business located at 7 Cerro Pelon, Tubac, AZ 85646.  Costumes is engaged in the creation, design, manufacture and licensing of  costumes  and in particular, children's costumes.

2

8.  Defendant BUYCOSTUMES is a Delaware Corporation maintaining its principal place of business at 5150 S. Towne Drive, New Berlin Wisconsin.  Defendant at all times relevant was and is a distributor of *inter alia,* costumes including children's costumes.

9.  Defendant BUYSEASONS  INC. (hereinafter "BUYSEASONS" or "Defendant") is a Delaware Corporation maintaining its principal place of business at 5150 S. Towne Drive, New Berlin, Wisconsin.  BuySeasons is the parent corporation of defendant BuyCostumes.

10.  Defendant JALEM GETZ is upon information and belief a resident of the state of  Wisconsin residing and/or doing business at 5150 South Towne Drive, New Berlin, Wisconsin and is President, Chief Executive Officer (CEO) and principal shareholder and driving force behind co-defendants BuySeasons and BuyCostumes.

## JURISDICTION AND VENUE

11.  Jurisdiction is proper under the Lanham Act 15 USC 1051, 15 USC 1121, 28 USC 1338a,b AND Title 17 Copyright 501 infringements in NY and contract sets juris and venue in NYC

12.  Venue is proper pursuant to 28 USC 1391 b & c as well as a contract between the parties consenting to jurisdiction and venue in the County of New York, State of New York

## FACTS

A.  <u>The Photography of Tom Arma.</u>

13.  For well over three decades, Tom Arma's commercial photography particularly but not exclusively, his images of children, have been and continue to be employed in

countless major consumer advertising campaigns in the United States, South America, Europe and elsewhere. Such campaigns have been directed at the consuming public at large.

14.  Plaintiff Arma has continuously and pervasively earned substantial fees from the worldwide licensing of his original photography and the copyrights in which, he and/or his corporate entities have retained all rights.

15.  Original photographic images created by Arma and which serve as a predicate for those portions of this litigation seeking relief based on Title 17, have been registered and bear the below descriptions and registration numbers.  Copies of the registrations for the following registered images are annexed hereto collectively as Exhibit "A":

A.  "Black Cat" on June 9, 1999.  Copyright Registration VAu 461-037

B.  "Beaver", "Brown Bear", "Flamingo", "Koala", "Monkey", "White Rabbit" and "White Tiger" on August 31, 1998.  Copyright Registration VA 975-629

C.  "Butterfly" on Copyright Registration VA 808-331

D.  "Dinosaur" on August 31, 1998.  Copyright Registration VA 942-007

E.  "Elephant"and "Panda" on August 31, 1998.  Copyright Registration VA 940-306

F.  "Flower" on June 6, 2006.  Copyright Registration VA 634-642

G.  "Frog", "Gorilla", "Polar Bear" and "Zebra" on June 18, 1997.  Copyright Registration VA 852-517

H.  "Gingerbread", "Snowbaby" on October 2, 1996.  Copyright Registration VA 800-720

I.  "Ladybug" on September 11, 1996.  Copyright Registration VA 808-331

4

J. "Lion" on August 31, 1998.  Copyright Registration VA 940-698

K. "Pumpkin" on September 1, 1998. Copyright Registration VA 940-750

L. "Rhino", "Snow Monkey" on August 31, 1998.  Copyright Registration VA 940-611

M. "Sheep" on September 11, 1996.  Copyright Registration VA 789-762

N. "Skunk" on August 31, 1998.  Copyright Registration VA 941-135

The registration for these images are collectively annexed hereto as "Exhibit A."[1]

16.  Plaintiffs' images have been employed and licensed in connection with the sales at retail of *inter alia*: Hallmark Cards, posters, slippers, pajamas, Parmalat Milk, childrens' books (in excess of 20 titles through Grosset and Dunlap), McCall's patterns, costumes and Claritan Antihistamine just to name a few.

17.  The images at issue are of Tom Arma's well-known Children's Costume Collection, the "Tom Arma Signature Collection."  Defendants have displayed on their website, and caused to be displayed on other sites, at least 26 images registered in the Plaintiff's name for their sole benefit.  Such usages of the images were without the consent, knowledge or authorization of Plaintiffs except as specifically provided for in the written agreements executed by and between the parties as set froth herein.

18.  Any use of the plaintiffs' name, marks or copyrights subsequent to November 15, 2007 is without the license consent, or authorization of any of the plaintiffs.

19.  That due to an administrative error the Arizona Corporation Commission incorrectly dissolved Costumes and Studio in September of this year for "failure to file annual reports."  Such dissolution was performed without notification to plaintiffs.

---

[1] Copyright Registrations VA 634-642 and VA 940-750 are not currently in plaintiff's possession or control. Proof of the date, contents and holder of copyright for these registrations are included in exhibit A in the form of screen captures from copyright.gov.

20.  Upon becoming aware of such "dissolutions" the plaintiffs immediately took steps to remedy the situation.  On December 28, 2007, the administrative dissolution of both Costumes and Studio was canceled and both entities had their good standing corporate status reinstated.  (Arizona Certificates of Reinstatement for both Costumes and Studio are attached hereto as Exhibit "H.)

### B.  The Trademarks of Tom Arma

21.  For well over a decade, plaintiffs have been designing children's costumes. The original designs for same have been consistently and repeatedly licensed throughout the world and substantial fees have been earned thereon.

22.  Plaintiffs have invested substantial resources in promoting their costumes under the Tom Arma Pawprint trademark.

23.  Plaintiff registered for and received a trademark for the "Tom Arma Pawprint" on January 16, 2007, Registration No. 3,198,554.  Such registration is annexed hereto as "Exhibit B."

24.  Plaintiff registered for and received a Trademark for the "Tom Arma Pawprint" on February 29, 2000, Registration No. 2,323,388.  This mark expired but, plaintiff retains its common law rights in this mark.

25.  The trademark registrations and copyrights in all of the images relevant herein belong to Tom Arma or Tom Arma Studio, Inc. and no transfer, sale or assignment of same has taken place with respect to the images or trademarks which are the subject of this complaint to any person or entity other than the Plaintiff.

### C.   The  Expired Contract by and Between the Parties

26. The Tom Arma name and the marks referenced herein are well known by the consuming public. That articles of and concerning Mr. Arma, his images, notoriety and creative work have appeared in consumer publications in the United States and elsewhere. Plaintiff Arma and his creative work product have been featured in articles appearing in: The Wall Street Journal, The New York Times and various other publications. On or about, November 27, 2007, Tom Arma costumes was listed as the number one most wanted item on www.Halloween.it. (A copy of this list is annexed hereto as Exhibit "C").

27. Plaintiffs have licensed their copyrights and/or trademark as referenced hereinabove, to licensees in exchange for substantial and ongoing revenues. Plaintiffs' name and marks are well known to the consuming public throughout the United States, Brazil, Europe indeed, worldwide. Potential licensees seek out and approach plaintiffs for the purposes of establishing business relationships with them.

28. Plaintiffs products are frequently the subject of media interest and their products, although available in the marketplace are, due to the high demand for same, regularly auctioned on sites such as ebay at prices well above their usual retail selling prices.

29. The paw print (and other marks) have consistently and regularly appeared in the market place in connection with goods and services provided directly or authorized by plaintiffs and have become identified therewith.

30. Plaintiffs have from time to time revoked, terminated and/or elected not to renew the licenses of third party licensees who were unable to manufacture and/or distribute plaintiffs' goods in conformity with the standards of quality, service or distribution set with specificity for same by plaintiffs in written licensing agreements.

31.  The parties hereto entered into a written licensing contract dated May 24, 2004. A copy of said contract (the "contract") is annexed hereto as Exhibit "D".

32.  The contract set forth with specificity the terms and conditions under which defendant was granted a limited license and could employ plaintiffs' copyrights, trademarks, name and intellectual property only in the manners set forth therein.  Said contract was to expire on November 15, 2005, and was extended by writings dated on January 26, 2005 and again on October 11, 2006.  The second and final extension terminated the relations between the parties, effective November 15, 2007 (A copy of which is annexed hereto as Exhibt "E", extending the terms of the original agreement).

33.  By terms of the aforementioned contracts, any and all rights to publish, employ or otherwise use the ARMA name, trademark, copyrights or intellectual property ceased on November 15, 2007.  There has not been and there does not exist now, any license, amendment, extension, authorization or permission allowing the use of any ARMA intellectual property of any kind by any or all of the defendants.

34.  Defendants specifically acknowledge at paragraph "8" of the contract, that plaintiff COSTUMES retained its ownership in full of the company marks and was the sole owner of all right, title and interest in the company marks.  They also expressly acknowledged that Costumes must approve of the use of the marks in any material writing prior to those materials being made available to the public.

35.  The parties agreed and specifically consented to the Jurisdiction and Venue of this Court as provided for at paragraph 9.2 which states:

> "This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York applicable to contracts entered into and to be wholly performed within the State of New York.  In the event of any claim or controversy arising under this Agreement, the parties hereto hereby irrevocably

submit to the personal jurisdiction of the Federal and State courts located in the County of New York, State of New York and hereby waive any objection thereto on the basis of lack of venue, forum non conveniens or any similar-type grounds."

36.  Defendants possess no rights to exploit, publish, disseminate, employ or utilize in any fashion any of plaintiffs' mark, copyrights, name or intellectual property, any and all such rights having terminated on November 15, 2007.

37.  That defendant GETZ was actively engaged in the day to day decisions with respect to the use of intellectual property during the term of the contract.

38.  Defendant GETZ personally participated in the day to day decisions relating to the use of the marks and images in various forms of advertising and media during the term of the contract.

39.  Such day to day involvement by GETZ was manifested in the forms of telephone calls, e-mails and other forms of communication by and between Mr. Getz and representatives of the Plaintiffs.

40.  As defendants were and are acutely aware, plaintiffs did not renew or continue its business relationship with the defendants and rather executed a contract dated June 7, 2007 and commencing on November 16, 2007, with Halloween Express Inc. and Halloween E-Tailers LLC, a larger, direct market competitor of the defendants.  That in sum and substance Halloween Express, Inc. has assumed the duties and responsibilities of marketing at retail plaintiffs' costumes internationally via the Internet and its retail outlets.

41.  Notwithstanding the forgoing, the defendants or one or more of them have embarked upon a course of conduct intended and calculated to steer, attract and otherwise direct consumers and others seeking to purchase  Arma products, to its own competing goods, by *inter alia and without consent, authorization or license:*

9

- Using at least twenty-six photographic images registered to Arma after the contract period had expired on multiple websites and in multiple advertisments.

- Using Arma's registered trademark for their own promotion or benefit on multiple websites.

- Trading off of the goodwill and reputation of the Tom Arma name and mars by using the Tom Arma name and mark as a bait and switch tactic, informing customers after they search for it that the Arma products are no longer available but alternatives are (see copies of these messages annexed hereto as "Exhibit F" and "Exhibit G").

42. Defendants neither sought nor obtained the approval of Plaintiffs or one or more of them for usage after November 15, 2007 of Plaintiffs' trademark or any of plaintiffs' copyrights or intellectual property. Plaintiffs have not approved the use of their trademark or any of their copyrights or intellectual property by the defendants subsequent to November 15, 2007.

43. The full extent and nature of Defendants' offending uses has not, as yet, been determined by Plaintiffs, said knowledge being in the sole custody of the Defendants. Notwithstanding the foregoing, Plaintiffs have determined that the offending uses are widespread and pervasive and appear on not less then twenty individual webpages.

44. During the relevant time period and continuing to date, Plaintiffs images and marks are employed pursuant to written agreement with many licensees. As a result of Defendants' acts complained of herein, Plaintiffs' have received complaints from said licensees, necessitating Plaintiffs immediate action and the within suit.

10

45.  Plaintiffs have been actively engaged in ongoing attempts to obviate litigation in this matter.

46.  Plaintiffs have on their own and by counsel notified and repeatedly requested that the Defendants cease their infringing and offending conduct as set forth herein.

47.  Subsequent to repeated written notices, Defendants have altered and/or removed certain of the complained of uses from the marketplace.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT UNDER SECTION 501 OF THE COPYRIGHT ACT AGAINST BUYSEASONS AND BUYCOSTUMES

48.  Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "47" as if fully set forth herein.

49.  That the use(s) of the subject images by the Defendants on its websites and other related websites for the promotion of Defendants' name or goods was without the Plaintiffs' authorization, license or consent.

50.  That the use of each image constitutes a separate and distinct infringement of the Plaintiffs' copyright.

51.  The aforementioned acts of the Defendants constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted Arma as copyright holder.

52.  Defendants' use of the subject images was willful, intentional and in bad faith.

53.  As a result of Defendants' acts, Plaintiffs have been and will continue to be damaged in an amount as yet undetermined.

54.  Plaintiffs are further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendants' copyright infringement.

**SECOND CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT UNDER SECTION 501 OF THE COPYRIGHT ACT AGAINST DEFENDANTS BUYCOSTUMES AND BUYSEASONS**

55.  Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "54" as if fully set forth herein.

56.  That the use(s) of the subject images by the Defendant on its websites was without the Plaintiffs' authorization, license or consent.

57.  That the use of each image constitutes a separate and distinct infringement of the Plaintiffs' copyright.

58.  The aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted Arma as copyright holder.

59.  Defendant's use of the subject image in violation of Plaintiffs' copyrights  was negligent.

60.  As a result of Defendant's acts, Plaintiffs have been and will continue to be damaged in an amount as yet undetermined.

61.  Plaintiffs are further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

**THIRD CAUSE OF ACTION**

## VICARIOUS COPYRIGHT INFRINGEMENT UNDER SECTION 501 OF THE COPYRIGHT ACT AGAINST JALEM GETZ

62.  Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "61" as if fully set forth herein.

63.  This Claim arises under Section 501 of the Copyright Act, 17 U.S.C. Section 101 et., seq.

64.  Upon information and belief Jalem Getz is the CEO and founder of BuySeasons and is actively involved in the day to day affairs of same.

65.  That BuySeasons infringed the Plaintiffs' copyrights in the subject images as set forth in more detail hereinabove.

66.  That the display and/or publication of the subject images by BuySeasons was without the Plaintiffs' knowledge, license or consent.

67.  Defendant BuySeason's display and/or publication of the subject images was willful, intentional and in bad faith.

68.  Upon information and belief Jalem Getz had/has the right and ability to control and had actual control over  the conduct of BuySeasons and the content of its web site.

69.  That Jalem Getz has a direct financial interest in the defendant BuySeasons and benefits from sales made through the web sites buyseasons.com, buycostumes.com, and its various other affiliates, outlined in more detail hereinabove.

70.  The aforementioned acts of Defendant BuySeasons constitute federal statutory copyright  infringement in violation of the exclusive rights granted the Plaintiffs as copyright holders under Section 501 of the Copyright Act.

71.   That defendant Jalem Getz was at all times relevant herein, fully aware that BuySeasons was neither the creator and nor copyright holder in the subject images.

72.   That notwithstanding such actual knowledge, Jalem Getz failed to negotiate or procure licensing rights from Plaintiffs which could have permitted the authorized use of the subject images.

73.  As a result of Defendants' acts, Plaintiffs have been damaged in an amount as yet undetermined.

74.  Plaintiffs are further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

75.  That the Defendant Jalem Getz is vicariously liable for the infringements committed by BuySeasons.

**FOURTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT UNDER SECTION 501 OF THE COPYRIGHT ACT AGAINST JALEM GETZ**

76.  Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "75" as if fully set forth herein.

77.  This Claim arises under Section 501 of the Copyright Act, 17 U.S.C. Section 101 et., seq.

78.  Upon information and belief Jalem Getz is the CEO and founder of BuySeasons and is actively involved in the day to day affairs of same.

79.  That BuySeasons infringed the Plaintiffs' copyrights in the subject images as set forth in more detail hereinabove.

80.  That the display and/or publication, of the subject images by BuySeasons was without the Plaintiffs' knowledge, license or consent.

81.  Defendant BuySeasons' display and/or publication of the subject image was willful, intentional and in bad faith.

82.  Defendant BuySeasons' publication, reproduction, licensing, and/or sub-licensing and distribution of the subject image was negligent.

83.  Upon information and belief Jalem Getz had/has the right and ability to control and had actual control over the conduct of BuySeasons and the content of its web sites.

84.  That Jalem Getz has a direct financial interest in the defendant BuySeasons and benefits from sales made through the web sites buyseasons.com, buycostumes.com, and its various other affiliates, outlined in more detail hereinabove.

85.  The aforementioned acts of Defendant BuySeasons constitute federal statutory copyright infringement in violation of the exclusive rights granted the Plaintiff as copyright holder under Section 501 of the Copyright Act.

86.  That defendant Jalem Getz was at all times relevant herein, fully aware that BuySeasons was neither the creator and nor copyright holder in the subject images.

87.  That notwithstanding such actual knowledge, Jalem Getz failed to negotiate or procure licensing rights from Plaintiffs which could have permitted the authorized use of the subject images.

88.  As a result of Defendant's acts, Plaintiffs have been damaged in an amount as yet undetermined.

89.  Plaintiffs are further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

90.  That the Defendant Jalem Getz is contributorily liable for the infringements committed by BuySeasons.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANAHAM ACT AND COMMON LAW AGAINST ALL DEFENDANTS

91.  Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "90" of the complaint as if fully set forth herein.

92.  Plaintiffs' mark is well known throughout the United States.

93.  The Defendants' use of the Plaintiffs' "Tom Arma Pawprint" mark on their websites and/or other use of identical or confusingly similar marks, and other efforts to associate itself with, or trade off the good will of, Plaintiffs in connection with its business, constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark infringement.

94.  Plaintiffs have been and will continue to be damaged by Defendants' unlawful acts, including loss of good will and the distinctiveness of Plaintiffs' trademark, loss of good will with exclusive licensors, and damage to its reputation by having the Plaintiffs' trademarks associated with Defendants.

95.  The use of the Tom Arma name, mark, and copyrights in the marketplace is intended to attract customers or potential customers for Tom Arma goods to Defendants *inter alia* websites for the purposes of inducing such customers to buy Defendants' goods.

96.  That Plaintiffs' have no Lanham Act claim against defendants on their first trademark due to its expiration, but retain their claim in common law.  The first trademark is incorporated into the second trademark whose under which plaintiff's have a valid Lanham Act claim against all Defendants.

16

97. Defendants' scheme as set forth hereinabove allows potential customers to find and consummate the transaction with Defendants by searching for Tom Arma and being guided through Defendants' website to non-Arma goods.

98. Defendants' acts have been willful and deliberate, part of a calculated effort to mislead the public and achieve market entry, and/or market share, and recognition through misappropriation of Plaintiffs' trademark. Plaintiffs are entitled to Defendants' profits, enhanced damages, attorneys fees, statutory damages and/or costs under 15 U.S.C. § 1117.

## SIXTH CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN AND TRADE DISPARAGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT AGAINST ALL DEFENDANTS

99. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" though "98" of the complaint as if fully set forth herein.

100. By their conduct as aforesaid, the Defendants have engaged in false designation of origin, trade disparagement and false designation of sponsorship, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

101. As a result of the Defendants' actions, Plaintiffs have been damaged and have suffered and will continue to suffer irreparable harm.

102. Unless enjoined, these acts will cause irreparable injury and damage to Plaintiff for which there exists no adequate remedy at law.

103. Plaintiffs have been and will continue to be damaged by Defendants' unlawful acts, including loss of good will and the distinctiveness of Plaintiffs' trademark, and damage to their reputation by having the Plaintiffs' trademark associated with Defendants.

104. Defendants, as part and parcel of the scheme outlined hereinabove, produced a statement which misleads and/or tends to mislead the reader to a belief that Tom Arma

goods are no longer available in the marketplace. Defendants' initial statement is annexed hereto as Exhibit "F."

105. As a direct result of the repeated notices from Plaintiffs and Plaintiffs' counsel, Defendants' amended the statement. Such amended statement is annexed hereto as Exhibit "G."

106. Defendants' acts have been willful and deliberate, part of a calculated effort to mislead the public, those in the costume industry and achieve market entry, and/or market share, and recognition through misappropriation of Plaintiffs' trademark. Plaintiffs are entitled to Defendants' profits, enhanced damages, attorneys' fees, statutory damages and/or costs under 15 U.S.C. § 1117.

## SEVENTH CAUSE OF ACTION

## DILUTION UNDER LANHAM ACT SECTION 43(c) AGAINST ALL DEFENDANTS

107. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "106" as if fully set forth herein.

108. The Tom Arma Pawprint trademark as applied to costumes and clothing are famous and distinctive marks.

109. Defendants' use of colorable imitations or copies of the Tom Arma Pawprint trademark, as described above, began long after that mark and its predecessors had become famous. Defendants' actions dilute the distinctive quality of the Plaintiffs' mark in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

110.  Plaintiffs have been and will continue to be damaged by Defendants' unlawful acts, including loss of good will and distinctiveness of the Tom Arma Pawprint trademark, and damage to their reputation by having the trademark associated with the Defendants.

111.  Defendants' acts have been willful and deliberate, part of a calculated effort to mislead the public, those in the costume industry and achieve market recognition, and/or market share, through misappropriation of Plaintiff's trademark.  Plaintiffs are entitled to Defendants' profits, enhanced damages, attorneys' fees, statutory damages and/or costs under 15 U.S.C. § 1117.

## EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT

112.  Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "107" as if fully set forth herein.

113.  Defendants have breached the terms of the written agreements by and between the parties in that one or more of them have:

- Failed to seek and obtain approvals for the use of Plaintiffs' intellectual property as set forth hereinabove;

- Failed to make timely payments to the Plaintiffs;

- Failed to properly account to Plaintiffs as to the specific character, nature and extent of sales of Arma's goods as set out in paragraph 5.1 of the agreement between the parties (annexed hereto as Exhibit "D")

114. Plaintiffs have sustained monetary damages as a result of the forgoing.  Said damages continue and are ongoing.  The full extent and nature of the monetary damages suffered by Plaintiff cannot be determined at this point without discovery.

19

115.  Plaintiffs have been damaged in an amount ultimately to be determined by this honorable Court, but, upon information and belief, believed to be not less then $250,000.

## JURY DEMAND

116.  Plaintiffs request a trial by jury of all issues.

WHEREFORE, the plaintiff demands judgment as against all defendants as follows:

ON THE COPYRIGHT CLAIMS:  an award of the maximum statutory damages for each infringement or for such other amount as may be proper pursuant to 17 U.S.C. § 504 and for an order, described hereinbelow, *inter alia* enjoining Defendants, or one or more of them, from infringing any and all of plaintiffs' copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

ON THE TRADEMARK CLAIMS

A.  That judgment be entered:

(i)     That Defendants have violated Sections 43(a) and (c) of the Lanham Act; and

(ii)    That Defendants have engaged in trademark infringement and unfar competition under common law.

B.    That the Court enter preliminary and permanent injunctions enjoining Defendants, their agents, affiliates, parents, servants, employees, attorneys, officers, successors and assigns, and all persons, firms or corporations acting in concert and/or participation with them, pending the final hearing and determination in this action, from:

(i)     using the designations and/or trademarks employing the words, "TOM ARMA" or "TOM ARMA SIGNATURE COLLECTION",  or any colorable imitations, or any other designation used by Plaintiffs and/or their licensees  to identify their costumes,

clothing or products, either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, or in any other manner in connection with the advertising, promotion, marketing, sale, or distribution of any products or services including, without limitation, costumes, clothing productions, sold or offered for sale;

(ii)    performing any actions or using any words, names, styles, titles or works which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the general public  and/or suppliers, distributors and other entities engaged in the manufacture or sale of costumes or children's clothing into believing that Plaintiffs or any one of them is/are a sponsor and/or supplier of Defendants or their products, or that Defendants are in some manner affiliated or associated with or under the supervision or control of one or more of the Plaintiffs, or that the products and services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of one or more of the Plaintiffs, or are likely in any way to lead the public to associate Defendants or one or more of them with one or more of the Plaintiffs;

(iii)    using any photographs, images, illustrations, words, names, styles, titles or marks which are likely to injure the business reputation of Plaintiff or dilute Plaintiffs' "TOM ARMA" or  "COSTUMES BY TOM ARMA"  trademarks and the good will associated therewith; and

(iv)    using any trade practices whatsoever, including those specifically complained of herein, which tend to unfairly compete with or injure the personal or business reputation  of one or more of the Plaintiffs and/or its goods or services, its "TOM ARMA" trademarks, copyrights and the goodwill associated therewith.

C. That the Court enter preliminary and permanent injunctions enjoining Defendants, their agents, servants, employees, attorneys, officers, successors and assigns, and all persons, firms, affiliates, subsidiaries, parents or corporations acting in concert and/or participation with them, pending the final hearing and determination in this action, from:

(i). publishing, transmitting, displaying, employing, reproducing, disseminating or in any manner employing any photographic image created by plaintiff TOM ARMA  (a/k/a THOMAS MATTHEW ARMA) and/or in which the applicable copyright registrations as set forth hereinbelow are held in the name(s) of one or more of the plaintiffs including but not limited to the images referenced in the following registrations held by and filed with the United States Copyright office:

| Registration # | Subject |
| --- | --- |
| VA 975-629 | Beaver |
| VA 461-037 | Black Cat |
| VA 975-629 | Brown Bear |
| VA 808-331 | Butterfly |
| VA 942-007 | Dinosaur |
| VA 940-306 | Elephant |
| VA 975-629 | Flamingo |
| VA 634-642 | Flower |
| VA 852-517 | Frog |
| VA 800-720 | Gingerbread |
| VA 852-517 | Gorilla |
| VA 975-629 | Koala |
| VA 808-331 | Ladybug |
| VA 940-698 | Lion |
| VA 975-629 | Monkey |
| VA 940-306 | Panda |
| VA 852-517 | Polar Bear |
| VA 940-750 | Pumpkin |
| VA 940-611 | Rhino |
| VA 789-762 | Sheep |
| VA 941-135 | Skunk |
| VA 800-720 | Snowbaby |
| VA 940-611 | Snow Monkey |
| VA 975-629 | White Rabbit |
| VA 975-629 | White Tiger |
| VA 852-517 | Zebra |

D.    That the Court enter an order:

(i)    directing Defendants to file with the Court and serve on Plaintiffs, within thirty days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(ii)    directing Defendants to deliver up for destruction all products, literature, signs, labels, tags, prints, packages, wrappers, containers, advertising and/or promotional materials, stationery, correspondence, e mails and any other items in their possession or control that bear any of the prohibited marks, false representations, or other false designations of origin, or any colorable imitations, as well as all discs, tapes, plates, molds, matrices, masters, and other means of producing, reproducing, applying and/or transmitting the prohibited photographs, marks, symbols, words, names or designations;

(iii)    requiring Defendants to take steps to withdraw all public statements, advertising and promotional materials employing or bearing the words "TOM ARMA" and/or its copyrighted materials, trademark, or any colorable imitation thereof, and to ensure that they are not used for any advertising, publicity, distribution, or other media purpose in connection with or in reference to any product manufactured, sold and/or distributed by Defendants.

(iv)    requiring Defendants to place suitable corrective advertisements in all publications and mediums used to promote its products, and to issue suitable press releases to all organizations used by Defendants to promote their products, informing those organizations that their use of  the TOM ARMA mark, copyrights and related representations were unauthorized and that Plaintiffs owns and markets all commercial

rights in and to the TOM ARMA trademark, copyrights, and costumes and it is further.

E.  That Plaintiffs be awarded three times their actual damages and Defendants' profits pursuant to the Lanham Act, and exemplary damages as allowed by law.

F.  That Plaintiffs be awarded statutory damages.

G. That Plaintiffs be awarded its costs of suit, expert fees, and reasonable attorneys' fees.

H.  That Plaintiffs have all other relief to which they are entitled.

ON THE BREACH OF CONTRACT CLAIM:  By reason of the breach Plaintiffs have been damaged in an amount ultimately to be determined by this Court but upon reason and belief believed to be not less then $250,000.

Dated:  January 11, 2008

Respectfully Submitted,

_____
Edward C. Greenberg (ECG 5533)
EDWARD C. GREENBERG PC
570 Lexington Avenue, 17th Floor
New York, New York 10022
Tel. No. (212)697-8777
*Attorneys for Tom Arma, Tom Arma*
*Studio, Inc., and Tom Arma*
*Costumes Inc.*

06/19/2006   22:02   2123550350       CAROL

AZ Corp. Commission

01249252

**AZ CORPORATION COMMISSION FILED**

JUN 20 2005   **EXP**

FILE NO- 1210860aO

# ARTICLES OF INCORPORATION

## OF

## TOM ARMA COSTUMES, INC.

The undersigned, being natural persons capable of contracting, acting as incorporators in adopting the following Articles of Incorporation for the purpose of incorporating a corporation (hereinafter referred to as "Corporation") for profit pursuant to the provisions of the Arizona Business Corporation Act:

**Article I:**   The name of the corporation shall be TOM ARMA COSTUMES, INC.

**Article II:**   The purposes for which the corporation is organized is the transaction of any or all lawful business for which corporations may be incorporated under the provisions of the Arizona Business Corporation Act, as they may be amended from time to time.

**Article III:**   The corporation's initial business it intends to conduct in the State of Arizona is as follows: creation and licensing of photographic images.

**Article IV:**   The total number of shares which the corporation shall have authority to issue is 1,000, all of which are without par value and classified as Common shares.

**Article V:**   The street address of the known place of business of the corporation in the State of Arizona is 7 Cerro Pelon Lane, Tubac, AZ 85646

**Article VI:**   No holder of any of the shares of the corporation shall, as such holder, have any right to purchase or subscribe for any shares of any class which the corporation may issue or sell, whether or not such shares are exchangeable for any shares of the corporation of any other class or classes, and whether such shares are issued out of the number of shares authorized by the Articles of Incorporation of the corporation as originally filed, or by any amendment thereof, or out of shares of the corporation acquired by it after the issue thereof; nor shall any holder of any of the shares of the corporation, as such holder, have any right to purchase or subscribe for any obligations which the corporation may issue or sell that shall be convertible into, or exchangeable for, any shares of the corporation of any class or classes, or to which shall be attached or shall appertain any warrant or warrants or other instrument or instruments that shall confer upon the holder thereof the right to subscribe for, or purchase from the corporation any shares of any class or classes.

**Article VII:**   The name and address of the initial statutory agent are National Registered Agents, Inc., 1850 North Central Avenue, Suite 1160, Phoenix, AZ 85004.

1028846



$PAID

#4359

06/15/2005  22:82    2129566958          CAROL                    PAGE  18

−1210866·0

**Article VIII:**  The initial Board of Directors shall consist of one (1) Director.

The person who is to serve as Director until the first annual meeting of shareholders or until his successor is elected and qualified, is:

| NAME | ADDRESS |
|------|---------|
| TOM ARMA | 7 Cerro Felon Lane, Tubac, AZ 8564 |

**Article IX:**  The name and the address of the sole incorporator of the corporation is as follows:

| NAME | ADDRESS |
|------|---------|
| ROBERT I. REICHER | 50 East 42nd Street, New York, NY 10017 |

**Article X:**  The personal liability of all of the directors of the corporation to the corporation or its shareholders for money damages in any action taken or failure to take any action hereby eliminated except liability for any of the following actions:

    (a)    The amount of a financial benefit received by a director to which the director is not entitled.

    (b)    An intentional infliction of harm on the corporation or its shareholder.

    (c)    A violation of section 10-833 of the Arizona Corporation Act.

    (d)    An intentional violation of criminal law.

**Article XI:**  The period of duration of the corporation shall be perpetual.

**Article XII:**  Cumulative voting shares of stock is authorized in the election of directors, and a plurality of the votes cast at a meeting at which a quorum is present shall elect.

**Article XIII:**  The Corporation shall indemnify any person who incurs expenses or liabilities by reason of the fact he or she is or was an officer, director, employee, or agent of the Corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of another Corporation, partnership, joint venture, trust or other enterprise. This indemnification shall be mandatory in all situations which

05/19/2005  22:02   2123556350              CARIL                    PAGE  11

−1210866-0.

Indemnification is permitted by law.

Dated this 17 day of June, 2005.

Robert J. Reinher, Sole Incorporator

AZ Corp. Commission

01249253

AZ CORPORATION COMMISSION
FILED

"EXP"    JUN 2 0 2005

FILE NO. 12108697-3

## ARTICLES OF INCORPORATION
### OF
### TOM ARMA, INC.

The undersigned, being natural persons capable of contracting, acting as incorporators in adopting the following Articles of Incorporation for the purpose of incorporating a corporation (hereinafter referred to as "Corporation") for profit pursuant to the provisions of the Arizona Business Corporation Act:

**Article I:** The name of the corporation shall be TOM ARMA, INC.

**Article II:** The purpose for which the corporation is organized is the transaction of any or all lawful business for which corporations may be incorporated under the provisions of the Arizona Business Corporation Act, as they may be amended from time to time.

**Article III:** The corporation's initial business it intends to conduct in the State of Arizona is as follows: creation and licensing of photographic images.

**Article IV:** The total number of shares which the corporation shall have authority to issue is 1,000, all of which are without par value and classified as Common shares.

**Article V:** The street address of the known place of business of the corporation in the State of Arizona is 7 Cerro Pelon Lane, Tubac, AZ 85646

**Article VI:** No holder of any of the shares of the corporation shall, as such holder, have any right to purchase or subscribe for any shares of any class which the corporation may issue or sell, whether or not such shares are exchangeable for any shares of the corporation of any other class or classes, and whether such shares are issued out of the number of shares authorized by the Articles of Incorporation of the corporation as originally filed, or by any amendment thereof, or out of shares of the corporation acquired by it after the issue thereof; nor shall any holder of any of the shares of the corporation, as such holder, have any right to purchase or subscribe for any obligations which the corporation may issue or sell that shall be convertible into, or exchangeable for, any shares of the corporation of any class or classes, or to which shall be attached or shall appertain any warrant or warrants or other instrument or instruments that shall confer upon the holder thereof the right to subscribe for, or purchase from the corporation any shares of any class or classes.

**Article VII:** The name and address of the initial statutory agent are National Registered Agents, Inc., 1850 North Central Avenue, Suite 1160, Phoenix AZ 85004.

**Article VIII:** The initial Board of Directors shall consist of one (1) Director.

I



1028849
$ PAID
45
# 4360

— 1210869-3

The person who is to serve as Director until the first annual meeting of shareholders or until his successor is elected and qualified, is:

NAME                          ADDRESS

TOM ARMA                      7 Cerro Pelon Lane, Tubac, AZ 85646

Article IX:    The name and the address of the sole incorporator of the corporation is as follows:

NAME                          ADDRESS

ROBERT J. REICHER             50 East 42nd Street, New York, NY 10017

Article X:    The personal liability of all of the directors of the corporation to the corporation or its shareholders for money damages in any action taken or failure to take any action hereby eliminated except liability for any of the following actions:

(a)    The amount of a financial benefit received by a director to which the director is not entitled.

(b)    An intentional infliction of harm on the corporation or its shareholders.

(c)    A violation of section 10-833 of the Arizona Corporation Act.

(d)    An intentional violation of criminal law.

Article XI:    The period of duration of the corporation shall be perpetual.

Article XII:    Cumulative voting shares of stock is authorized in the election of directors, and a plurality of the votes cast at a meeting at which a quorum is present shall elect.

Article XIII:    The Corporation shall indemnify any person who incurs expenses or liabilities by reason of the fact he or she is or was an officer, director, employee, or agent of the Corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of another Corporation, partnership, joint venture, trust or other enterprise. This indemnification shall be

2

−1210869-3

mandatory in all situations which indemnification is permitted by law.

Dated this 17 day of June, 2005

Robert V. Reicher, Sole Incorporator

3

# Arizona Corporation Commission
## State of Arizona Public Access System

01/16/2008                                                          1:02 PM

### Jump To...

| Annual Reports | Scanned Documents | Documents Waiting To Be Examined | Amendments | Notices of Pending Administrative Dissolution | Administrative Dissolutions and Reinstatements | Microfil |

---

**Corporate Inquiry**

| File Number: -1210869-3 | Check Corporate Status |

**Corp. Name: TOM ARMA STUDIO, INC.**

## Domestic Address

| P.O. BOX 3091 |
| TUBAC, AZ  85646-3091 |

## Statutory Agent Information

| Agent Name:  NATIONAL REGISTERED AGENTS INC |

**Agent Mailing/Physical Address:**

638 N 5TH AVENUE

PHOENIX, AZ  85003

**Agent Status:** APPOINTED 06/20/2005

**Agent Last Updated:** 07/05/2006

## Additional Corporate Information

| Corporation Type: BUSINESS | Business Type: PHOTOGRAPHY |
| Incorporation Date:  06/20/2005 | Corporate Life Period: PERPETUAL |
| Domicile:  ARIZONA | County: SANTA CRUZ |
| Approval Date:  06/20/2005 | Original Publish Date:  08/22/2005 |

## Officer Information

| TOM ARMA<br>PRESIDENT | JULIE ARMA<br>SECRETARY |

```
P.O. BOX 3091                          P.O. BOX 3091
TUBAC,AZ  85646-3091                   TUBAC,AZ  85646-3091
Date of Taking Office: 06/20/2005      Date of Taking Office: 06/20/2005
Last Updated: 12/20/2007               Last Updated: 12/20/2007
```

## Director Information

```
TOM ARMA
DIRECTOR
P.O. BOX 3091
TUBAC,AZ  85646-3091
Date of Taking Office: 06/20/2005
Last Updated: 12/20/2007
```

## Annual Reports

**Next Annual Report**
**Due:** 06/20/2008

E-FILE An Annual Report Online  << Click Here

FORMS For Annual Reports To Be Printed And Mailed  << Click Here

| File Year | File Month | Date Received | Reason Returned | Date Returned | Extension |
|-----------|-----------|---------------|-----------------|---------------|-----------|
| 2007 | 06 | 12/19/2007 | | | |
| 2006 | 06 | 12/19/2007 | | | |

Back To Top

## Scanned Documents

### (Click on gray button to view document)

| Document Number | Description | Date Received |
|-----------------|-------------|---------------|
| 01249253 | ARTICLES | 06/20/2005 |
| 01310465 | PUB OF ARTICLES | 08/22/2005 |
| 02261458 | 06 ANNUAL REPORT | 12/19/2007 |
| 02261467 | 07 ANNUAL REPORT | 12/19/2007 |
| 02252591 | PUB OF MERGER | 12/26/2007 |

Back To Top

## Documents Waiting To Be Examined

| Date Received | Description | Expedited |
|---|---|---|
| 01/02/2008 | CHANGE(S) | No |

Back To Top

## Amendments

| Amendment Date | Amendment Type | Publish Date | Publish Exception |
|---|---|---|---|
| 11/22/2005 | NAME CHANGE | | WAIVE |

Back To Top

## Notices of Pending Administrative Dissolution

### (Click on gray button - if present - to view notice)

| Date | Reason |
|---|---|
| 12/11/2006 | DELINQUENT ANNUAL REPORT |

Back To Top

## Administrative Dissolutions and Reinstatements

### (Click on gray button - if present - to view notice)

| Administrative Dissolution Date | Administrative Dissolution Reason | Reinstatement Date |
|---|---|---|
| 09/28/2007 | AD-DISSOLVED - FILE A/R | 12/19/2007 |

Back To Top

## Name Changes / Mergers

| Description | Corporation Name | Date |
|---|---|---|
| CHANGED FROM | TOM ARMA, INC. | 11/22/2005 |
| MERGED FROM | TOM ARMA STUDIO, INC. | 11/22/2005 |

## Microfilm

| Location | Date Received | Description |
|---|---|---|

| | | |
|---|---|---|
| 31877001781 | 06/20/2005 | ARTICLES |
| 11737001029 | 11/22/2005 | MERGER |
| 11750013015 | 04/21/2006 | 2006 ANNUAL REPORT/MAIL RETURN |
| 11769028012 | 01/12/2007 | DELINQUENT NOTICE/MAIL RETURN |

Back To Top

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**